IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MARTHA REYNA AND ARTURO ARISTA | § § § § § § § § § § § § | |
| V. | | Civil Acton No. _____ |
| UNITED STATES OF AMERICA | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Martha Reyna ("Reyna") and Arturo Arista ("Arista" and, together with Reyna, "Plaintiffs") appear to file this Original Complaint against Defendant United States of America ("Defendant").

### PARTIES AND PROCESS

1. Plaintiff Martha Reyna is an individual and a naturalized citizen of the United States, residing in Maverick County, Texas.

2. Plaintiff Arturo Arista is an individual and a citizen of the United States, residing in Maverick County, Texas.

3. Defendant is the United States of America. Defendant may be served with process via the following methods:

    a.    by sending a copy of the summons and of the complaint by registered or certified mail to the Civil Process Clerk for the United States Attorney for the Western District of Texas, as follows:

        **Stephanie Rico**
        **Civil Process Clerk**
        **Office of the United States Attorney for the Western District of Texas**
        **601 N.W. Loop 410, Suite 600**
        **San Antonio, Texas 78216-5597**; and

  b. by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States, as follows:

   **Attorney General of the United States**
   **U.S. Department of Justice**
   **950 Pennsylvania Avenue, NW**
   **Washington, D.C. 20530-0001**; and

  c. by sending a copy of the summons and of the complaint by registered or certified mail to the U.S. Customs and Border Protection, as follows:

   **U.S. Customs and Border Protection**
   **IPL/CBP INFO Center**
   **1300 Pennsylvania Avenue N.W., MS: 1345**
   **Washington, DC 20229**

**Plaintiffs request a summons for each of the foregoing.** Plaintiffs additionally assert all rights and requests all relief under Rule 15 of the Federal Rules of Civil Procedure, specifically the right to subsequently amend this Complaint further so as to change this Defendant or the naming of this Defendant and have any such amendment(s) relate back to the filing hereof. Plaintiffs request that Defendant answer in its true and correct name, if it differs from the name as stated above.

### JURISDICTION AND VENUE

4. The claims herein are brought against Defendant pursuant to the Federal Tort Claims Act ("FTCA")[1] for monetary damages as compensation for loss of property and personal injuries that were directly and proximately caused by the negligent and wrongful acts and omissions of an employee of Defendant[2] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with the laws of the State of Texas. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

---

[1] 28 U.S.C. §§ 2671 *et seq.*, 1346(b)(1).
[2] At all relevant times, Defendant acted through the U.S. Customs and Border Protection ("CBP") and its employees, officers and agents.

2

5. Pursuant to 28 U.S.C. § 1402(b), venue is proper in this District because this is the District where the acts or omissions complained of occurred. Specially, as more particularly described herein, the incident giving rise to this action occurred within this District. Moreover, because Plaintiffs reside in this District, venue is also proper in this Disrtrict under 28 U.S.C. § 1402(b).

## PROCEDURAL MATTERS

6. As described herein, Plaintiffs were injured by the negligent or wrongful acts of a federal employee acting within the scope of his employment or office. Accordingly, Plaintiffs' exclusive remedy is a suit against the United States under the FTCA. 28 U.S.C. § 2679(b)(1). The FTCA has an administrative exhaustion requirement under which a claimant, before filing suit, must tender an administrative claim to the federal government. If the relevant agency does not make a final disposition of the administrative claim within six months,[3] then the claimant is deemed to have exhausted administrative remedies. 28 U.S.C. § 2675(a). Here, Plaintiffs filed administrative claims with the relevant federal agency (i.e., the CBP) more than six months ago, and the agency did not make a final disposition of Plaintiffs' claims. This suit is therefore ripe.

## FACTS

7. This is a personal injury action arising out of a motor vehicle collision that occurred on May 11, 2022. The collision occurred in Eagle Pass, Maverick County, Texas, and was caused by an individual, Stephanie Rodriguez ("Rodriguez") or Oscar Martinez ("Martinez"),[4] each of whom, upon information and belief, was employed by the CBP and acting within the

---

[3] A final disposition of the administrative claim may occur in one of two ways. First, a final disposition occurs when the appropriate agency finally denies the claim in writing and such denial is sent by certified or registered mail. 28 U.S.C. § 2675(a). Second, the failure of the agency to make final disposition of the claim within six months after it is presented, shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of satisfying the condition precedent to filing suit. *Id.*

[4] The Texas Peace Officer's Crash Report indicates that Martinez was driving the CBP vehicle; however, Arista observed that it was in fact Rodriguez who was driving the vehicle.

3

course and scope of such employment at the time of the collision. Specifically, on the occasion in question, the operator of the CBP vehicle was traveling westbound at or near the 2300 block of El Indio Highway in Eagle Pass, Maverick County, Texas, when the driver, suddenly and without notice, warning or legal justification, cut across multiple lanes and crashed into the vehicle being driven by Reyna. At the time of the collision, Reyna was also traveling westbound on El Indio Highway. Arista was a passenger in the vehicle being driven by Reyna.

8. The investigating officer determined that Martinez changed lanes when unsafe, which the officer determined to be the sole factor which caused or contributed to the collision. According to the police report, Rodriguez, also an employee of the CBP, was a passenger in the vehicle being driven by Martinez.[5]

## CLAIMS

### Negligence and Negligence Per Se

9. Plaintiffs incorporate by reference each and every prior and subsequent allegation as though fully set forth herein.

10. On the occasion in question, the relevant CBP employee, for whose acts and omissions Defendant is liable, was negligent and, in some cases negligent per se, by way of various acts and omissions, including, without limitation, as follows:

- In unsafely turning his vehicle into Plaintiffs' lane of traffic, in violation of Section 545.103 of the Texas Transportation Code;
- In failing to maintain such lookout as a person with ordinary prudence would have maintained under the same or similar circumstances;
- In failing to yield the right-of-way to Plaintiffs;
- In failing to control his vehicle;
- In failing to control the speed of his vehicle and in driving his vehicle at a speed greater than was reasonable and prudent under the circumstances, in violation of Section 545.352 of the Texas Transportation Code;
- In failing to apply the brakes of his vehicle in order to avoid the incident in

---

[5] *See supra* note 4.

- question;
- In failing to take proper evasive action;
- In failing to obey various traffic rules and regulations of the State of Texas, including, without limitation, those provisions set forth in Sections 544 and 545 of the Texas Transportation Code, which constitutes negligence per se; and/or
- By way of other acts and omissions to be discovered throughout the course of this lawsuit.

11. The foregoing acts and omissions, singularly or in combination with others, constituted negligence (and in some cases negligence per se), and were each, independently and/or concurrently, a proximate cause of the incident in question and the damages about which Plaintiffs complain herein. Discovery has yet to commence. Further information and evidence will be obtained concerning the above issues and allegations, which may possibly require additional and/or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Federal Rules of Civil Procedure.

12. At all relevant times to this action, United States of America acted through the CBP—a "federal agency" of the United States under 28 U.S.C. § 2671—and its employees, officers, and agents. At the time of the subject incident, the CBP was a governmental unit whose employees, including Rodriguez and Martinez, were performing a government function for which sovereign immunity was waived under the FTCA. As previously noted, the damages sought by Plaintiffs were proximately caused by Rodriguez or Martinez, while acting within the scope of her/his office or employment with the CBP/The United States of America, under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with Texas law.

13. Under Texas law, an employee's conduct is considered to fall within the scope of his employment if his actions were: (1) within the general authority given to him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which

the employee was employed. *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003). All elements are present in this case. The United States of America is liable in tort in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

### *Respondeat Superior*, Agency and/or Other Applicable Theories of Liability

14. As stated above, the collision in question was caused by an agent, servant and/or employee of Defendant, said individual acting within the course and scope of her/his employment as agent, servant and/or employee of Defendant. Rodriguez or Martinez was operating the CBP vehicle with the knowledge, consent and actual permission and/or implied permission of the Defendant and was acting within the course and scope of her/his implied and/or express authority as agent, servant and/or employee of Defendant. Accordingly, Defendant is liable for the acts and omissions of Rodriguez/Martinez under the doctrine of *respondeat superior*, traditional principles of agency law and/or any other applicable theory of law.

### DAMAGES

15. As a proximate cause of the negligence and negligence per se of Defendant, Plaintiffs have suffered personal injuries and incurred damages on account of their personal injuries. Plaintiffs each sue for the following elements of damages: (a) necessary and reasonable medical expenses, past and future; (b) physical pain and mental anguish, past and future; (c) physical impairment, past and future; and (d) disfigurement, past and future. Arista also sues for lost wages and loss of earning capacity, past and future, respectively. All of the foregoing damages sought by Plaintiffs constitute damages on account of personal injuries within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

16. Plaintiffs would show that all of the damages complained about were proximately caused by the acts and omissions of Defendant, acting by and through its agents, employees and representatives. The damages sought by Plaintiff are in an amount within the jurisdictional limits of the Court.

## PRESERVATION OF EVIDENCE

17. Plaintiffs hereby request and demand that Defendant, along with its agents, attorneys, insurers and anyone acting in concert with Defendant, preserve and maintain and not alter or modify any evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including, without limitation, the 2015 White Ford F-150 involved in the incident, together with all of its components and the electronic data stored within the vehicle or data stored elsewhere that pertains to the vehicle; any communication device(s) within the 2015 White Ford F-150 and the data, images and recordings created or stored within the communication device(s) or elsewhere; all recordings and images captured by any dashcam, digital video recorder, driving recorder, event data recorder or other onboard camera of any kind which depict the incident, as well as the events leading up to the incident; all electronic images, data or information related to Plaintiffs, the incident or any damages resulting therefrom; and all statements, photographs, videotapes, audiotapes, recordings, business and medical records, bills, estimates, invoices, checks, measurements, equipment, vehicles, correspondence, memoranda, files, facsimiles, e-mails, voicemails, text messages, cellular telephone records and calendar entries. Failure to maintain any relevant evidence constitutes "spoliation" of the evidence and may subject Defendant to sanctions.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Martha Reyna and Arturo Arista pray that Defendant United States of America be duly cited in terms of law to appear and answer

herein and that upon final hearing hereof, Plaintiffs have judgment against Defendant and recover their actual damages as set out above, together with postjudgment interest at the maximum rates allowed by law and costs of court. Plaintiffs also request that they be granted all other relief to which they may be entitled.

                              WEINBERG & WEINBERG LLP

                              By: _____
                                   Michael Weinberg
                                   State Bar No. 24003149

                              819 Hogan Street
                              Houston, Texas 77009
                              (713) 572-1234 (Telephone)
                              (713) 572-1233 (Facsimile)
                              mweinberg@weinbergfirm.com

                              **Attorney-in-Charge for Plaintiffs Martha Reyna and Arturo Arista**

OF COUNSEL:

WEINBERG & WEINBERG LLP
819 Hogan Street
Houston, Texas 77009
(713) 572-1234 (Telephone)
(713) 572-1233 (Facsimile)